## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Civil Action No. 11-cv-02463-REB

JENNIFER J. JOHANTGEN,

      Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

      Defendant.

## ORDER AFFIRMING COMMISSIONER

**Blackburn, J.**

      The matter before me is plaintiff's **Complaint** [#1],[1] filed September 19, 2011,

seeking review of the Commissioner's decision denying plaintiff's claims for disability

insurance benefits and supplemental security income benefits under Titles II and XVI of

the Social Security Act, 42 U.S.C. § 401, *et seq.*  I have jurisdiction to review the

Commissioner's final decision under 42 U.S.C. § 405(g).  The matter has been fully

briefed, obviating the need for oral argument.  I affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

      Plaintiff alleges that she is disabled as a result of bipolar disorder and

polysubstance abuse disorder (in remission).  After her applications for disability

insurance benefits and supplemental security income benefits were denied, plaintiff

requested a hearing before an administrative law judge.  This hearing was held on June

---

[1]  "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case management and filing system (CM/ECF).  I use this convention throughout this order.

10, 2010.  At the time of the hearing, plaintiff was 41 years old.  She has a high school education and past relevant work experience as a salesperson, stock clerk, customer service representative, hostess, teller, and receptionist.  She has not engaged in substantial gainful activity since her amended alleged date of onset, December 1, 2007.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits or supplemental security income benefits.  Although the medical evidence established that plaintiff suffered from severe mental impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations.  The ALJ found that plaintiff had the residual functional capacity to perform a full range of work at all exertional levels but that did not require the plaintiff to understand, remember, and carry out more than simple instructions and involved only occasional interaction with supervisors and coworkers and no public interaction.  Although these limitations precluded plaintiff's past relevant work, the ALJ concluded that there were other jobs existing in significant numbers in the national and local economies that were within his residual functional capacity.  She therefore found plaintiff not disabled at step five of the sequential evaluation.  Plaintiff appealed this decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social

2

Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).   However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  *See Kelley v. Chater*, 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ  must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. §§ 404.1520(b)-(f) & 416.920(b)-(f).  *See also Williams v. Bowen* 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy.  *Id.*  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence.  *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  *Brown*, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  *Hedstrom v. Sullivan*, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).  Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner.  *Id.*

4

### III.  LEGAL ANALYSIS

In a single ground of error, plaintiff faults the ALJ for failing to properly weigh and credit the opinions of her treating psychiatrist, Dr. William Rehg.  If these opinions had been accepted in their entirety, plaintiff would have been found disabled.[2]  Because I find no reversible error in the ALJ's extraordinarily thorough and well-supported opinion, however, I affirm.

The opinion of a treating source is entitled to controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record" and cannot be rejected absent good cause for specific and legitimate reasons clearly articulated in the hearing decision.  20 C.F.R. §§ 404.1527(d)(2) & 416.927(d)(2); *see also Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003).  Good cause may be found when a treating source opinion is brief, conclusory, or unsupported by the medical evidence.  *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987).

The ALJ noted that Dr. Rehg had a longitudinal relationship with plaintiff harkening back to 2004, that he had treated her frequently, and that he was a specialist in psychiatry, all factors which weighed in favor of deference.  (*See* Tr. 26.)  *See* 20 C.F.R. § 404.1527(d).  Nevertheless, the ALJ specifically found that Dr. Rehg's

---

[2]  Dr. Rehg opined that plaintiff's impairment would cause her to be absent from work more than three times a month.  (Tr. 408.)  The vocational expert who testified at the hearing stated that such limitations would preclude the three alternative positions the ALJ found at step 5 were within plaintiff's residual functional capacity.  (Tr. 74-75.)

suggestions that plaintiff met the paragraph B criteria of Listing 12.04[3] and that she

lacked the residual functional capacity to perform competitive work were not well

supported by the record or, indeed, Dr. Rehg's own treatment notes.  I perceive no error

in these determinations.

The paragraph B criteria of Listing 12.04, which are considered at step 3 of the

sequential evaluation, require proof that a medically determinable impairment has

resulted "in at least two of the following":

1.  Marked restriction of activities of daily living; or
2.  Marked difficulties in maintaining social functioning; or
3.  Marked difficulties in maintaining concentration, persistence, or
    pace; or
4.  Repeated episodes of decompensation, each of extended
    duration.

*See* 20 C.F.R., Pt. 404, Subpt. P, app. 1, § 12.04B.  Relying on the opinion of a state

agency medical expert, Dr. Nancy Winfrey, who testified at the hearing, the ALJ found

that plaintiff had no more than moderate restrictions in the first three categories, and no

episodes of decompensation that met the criteria of the listing.  (Tr. 19.)

The ALJ reviewed the medical and other record evidence in incredible and

accurate detail, including most importantly, Dr. Rehg's own treatment notes.  (Tr. 21-

25.)  The picture thereby painted supports the ALJ's conclusion that, while plaintiff's

symptoms waxed and waned, they did not markedly impair her activities of daily living or

---

[3]  Under section 12.00 of the listings, which describes various mental disorders, each of the nine diagnostic categories identified therein is defined by three criteria: a statement describing the disorder (the capsule definition), a set of medical findings (the paragraph A criteria) and a set of impairment-related functional limitations (the paragraph B criteria).  Alternative functional criteria (the paragraph C criteria) are included for certain classes of disorders.  A claimant's impairment meets or equals a listed impairment, and therefore is presumed to be disabling, if the diagnostic description of the capsule definition and the criteria of both paragraphs A and B, or A and C, where appropriate, are satisfied.  20 C.F.R., Pt. 404, Subpt. P, app. 1, § 12.00A.

her social functioning.[4]  Nor can I fault the ALJ for finding no episodes of

decompensation sufficient to meet the paragraph B criteria, which require evidence of at

least three such episodes within a one-year period, each lasting at least two weeks.

*See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00C(4).[5]  (Tr. 19.)  Although plaintiff was

hospitalized on several occasions and referred for a course of in-patient treatment in

2009, these episodes did not meet the frequency or durational requirements of the

listing.

In assessing plaintiff's residual functional capacity,[6] the ALJ rejected Dr. Rehg's

suggestion that plaintiff suffered from "marked" limitations, again finding that the

doctor's conclusions were unsupported by his own treatment notes, which she

construed as suggesting that plaintiff's depression was seasonal and that her symptoms

were well-controlled with medication.  (Tr. 26.)  Again, the ALJ's thorough analysis of

the record evidence gives substantial credence to her determination in this regard.  Nor

was she under any obligation to base her residual functional capacity assessment on a

particular medical source's opinion.  *See Moses v. Astrue*, 2012 WL 1326672 at *4 (D.

---

[4]  The ALJ found plaintiff's own reports regarding her daily activities and social interactions inconsistent with the evidence of record as well.  (*See* Tr. 21-22.)

[5]  The listings also allow for discretion to consider whether evidence of more frequent episodes of shorter duration or less frequent episodes of longer duration are of comparable severity and can support a determination of equivalence.  20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00C(4).  Plaintiff does not argue that a finding of equivalence was warranted on the facts of this case.

[6]  Residual functional capacity is assessed "based on all of the relevant medical and other evidence," 20 C.F.R. § 404.1545(a)(3) & 416.945(a)(3), "including medical records, observations of treating physicians and others, and plaintiff's own description of his limitations," *Noble v. Callahan*, 978 F.Supp. 980, 987 (D. Kan. 1997).  Although the ALJ's determination must be grounded in some medical evidence, *see Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995), it ultimately is an administrative determination reserved to the Commissioner, 20 C.F.R. §§ 404.1546 & 416.946; *Rutledge v. Apfel*, 230 F.3d 1172, 1175 (10th Cir. 2000).

Colo April 17, 2012).  *See also Gonzales v. Astrue*, 2012 WL 4356243 at *4 (D. Colo. Sept. 24, 2012) ("Just as the ALJ is not bound by any particular source opinion as to a claimant's residual functional capacity, neither is he obligated to include in his assessment every limitation possibly suggested by a medical source.").  Her well-supported decision to rely on the contrary opinions of the state agency doctors and the other evidence of record presents no occasion for remand, much less an award of benefits in plaintiff's favor.  *See* **Social Security Ruling** 96-6p, 1996 WL 374180 at *3 (SSA July 2, 1996) ("In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources.").

The ALJ did an exceptionally thorough job of reviewing all the evidence of record in this matter.  To accept plaintiff's arguments, I would have to reweigh the evidence, which is not my proper role.  *Thompson*, 987 F.2d at 1487.  I thus find and conclude that her disability determination is free from legal error and supported by substantial evidence.

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

Dated March 22, 2013, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge